# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSHUA N. DAVIDOVICH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No.3:06-CV-278 TS |
| ) | |
| E. BUSS, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner Joshua Davidovich, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with a prison disciplinary hearing. He attached to his petition a copy of the conduct report, report of disciplinary hearing, and other documents from the administrative record.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996).

The petition and its attachments establish that on July 5, 2005, Correctional Officer Robert Garth wrote a conduct report against Mr. Davidovich for committing battery upon another person with a weapon. On July 25, 2005 a Disciplinary Hearing Board (DHB) found him guilty of battery and deprived him of 180 days of earned credit time.

Where prisoners lose good time credits at prison disciplinary hearings or are demoted to a lower credit time earning classification, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges;

(2) an opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Mr. Davidovich asserts that "Code 102 battery with weapon resulting in serious bodily injury was not proven for there was no injury reported" by Officer Garth. (Petition at p. 3-4). But the conduct report did not allege that Mr. Davidovich injured Officer Garth. The offense alleged in the conduct report is "committing battery upon another person with a weapon." (Report of Conduct).

In ground two of his petition, the petitioner asserts that the DHB "never proved petitioner threw object at officer, nor that it hit officer." (Petition at p. 4). In ground three of his petition, he asserts that the DHB relied on Officer Garth's report, but that there "was no evidence collected or preserved." (Petition at p. 6). He states that the "excuse that the range was trashy and many items were thrown should not be a pass on the protocols and procedures to collecting evidence." (Petition at p. 7).

That prison officials did not collect the objects inmates threw at Officer Garth may have violated some prison policy, but it did not violate the Constitution's Fourteenth Amendment. *Wolff v. McDonnell* does not mandate that all evidence be gathered, and State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F.Supp. 765 (N.D. Ind. 1997). Violations of the Indiana Department of Correction's disciplinary policy do not state a claim for federal habeas relief. *Id.* at 774-75.

2

There must be "some evidence" in the administrative record to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. at 455. This is a lenient standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d. 649, 652 (7th Cir. 2000). Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."*Id.* (citing *Hill*, 472 U.S. at 455–56).

The DHB relied on Officer Garth's conduct report to find Mr. Davidovich guilty. In the conduct report, Officer Garth stated that while he was performing count, "several" inmates "began throwing objects at me. I was hit by an unknown object thrown by Offender Davidovich 114490. Several objects were thrown including a lock, bottle of water, pack of milk and lotion bottle." (Conduct Report). The DHB stated that "[t]he conduct report is clear and concise. We believe that the offender did throw an item at the officer. Therefore we find the offender guilty." (Report of Disciplinary Hearing at p. 2).

A conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Officer Garth's conduct report is based on his personal knowledge and states specifically that Mr. Davidovich threw an object at him that hit him. The DHB provided a sufficient statement of the evidence relied on, and the board's statement establishes that there was some evidence in the record supporting the conclusion it reached.

In ground four of his petition, Mr. Davidovich asserts that the DHB acted improperly by stating that Officer Garth was not present at the hearing because he works a different shift. But while

3

prisoners have a federally protected right to call exculpatory witnesses at prison disciplinary hearings, they do not have the right to confront or cross-examine their accusers. *Wolff v. McDonnell*, 418 U.S. at 567. Officer Garth, as the author of the conduct report, was Mr. Davidovich's accuser, and that he did not attend the hearing in person did not violate Mr. Davidovich's rights or deprive him of due process.

In ground five of his petition, Mr. Davidovich states that Officer Garth also charged other inmates of throwing things at him. He asserts that one of the inmates pled guilty and was granted a "modification," and that another inmate was "found guilty of a class B of the same incident." (Petition at p. 8). But that other inmates may have gotten a different sentence than Mr. Davidovich or were charged with a "B" offense rather than an "A" offense has no impact on Mr. Davidovich's guilt or innocence, and *Wolff v. McDonnell* did not guarantee that he would be given an identical charge or sentence as the other inmates who threw items at Officer Garth.

Accordingly, for the reasons stated in this order, the court DISMISSES this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on January 10, 2007.

  /s/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

4